**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| FLOYD EMMANUAL,<br><br>      *Plaintiff*,<br><br>   -v-<br><br>ABDUKADIR AHMED IBRAHIM and<br>CADENCE PREMIER CARGO, INC.<br><br>      *Defendants*. | Civil Case No.:<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Floyd Emmanual ("Plaintiff"), is a citizen and resident of the State of South Carolina.

2.      Defendant, Abdukadir Ahmed Ibrahim ("Defendant Ibrahim"), is a citizen and resident of the State of New York, and at all times relevant hereto was acting within the course and scope of his employment as a commercial truck driver.

3.      Defendant, Cadence Premier Cargo, Inc. ("Defendant Cadence"), is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in the State of Illinois.

4.      On the day of the crash, Defendant Cadence was a motor carrier registered under DOT Number 1861195, subject to regulation by the Federal Motor Carrier Safety Administration and was authorized to conduct business in South Carolina.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the crash giving rise to this action occurred in Florence County, within the Florence Division of the District of South Carolina.

## FACTUAL ALLEGATIONS

7. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

8. On October 30, 2025, Plaintiff was lawfully operating his motor vehicle southbound on South Carolina Highway 327 in Florence County, South Carolina.

9. At that same time and place, Defendant Ibrahim was operating a tractor-trailer owned by and operated on behalf of Defendant Cadence.

10. While exiting the interstate and attempting to execute a lane change, Defendant Ibrahim failed to maintain his vehicle within its lane, made an improper lane change, and collided with Plaintiff's vehicle traveling lawfully in the adjacent lane.

11. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent injuries, incurred substantial medical expenses, lost wages, endured pain and suffering, and sustained other damages.

12. At all relevant times, Defendant Ibrahim was acting within the course and scope of his employment and agency with Defendant Cadence, making Cadence vicariously liable for his conduct under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
### (Negligence)

13. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

14. Defendant Ibrahim owed Plaintiff the duty to operate his vehicle safely, lawfully, and with due regard for the safety of others on the roadway.

15. Defendant Ibrahim breached that duty by, among other things, failing to keep his vehicle within his lane, failing to maintain a proper lookout, failing to keep proper control, failing to yield the right-of-way, and otherwise operating his vehicle in an unreasonable and unsafe manner.

16. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the injuries and damages previously described.

17. Defendant Cadence is vicariously liable for the negligent acts and omissions of its employee and agent, Defendant Ibrahim.

SECOND CAUSE OF ACTION
(Negligence *Per Se*)

18. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

19. Defendant Ibrahim violated the following statutory duties contained in the South Carolina Code of Laws, each of which was enacted for the safety and protection of motorists, including Plaintiff:

    a. §56-5-1900 (improper lane change);

    b. §56-5-2150 (improper turning movements and failure to signal); and

    c. §56-5-2920 (reckless driving).

20. Each statutory violation constitutes negligence *per se* and was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

21. Defendant Cadence is vicariously liable for the negligence *per se* of its employee and agent, Defendant Ibrahim.

### THIRD CAUSE OF ACTION
(Recklessness, Willfulness, and Punitive Damages)

22.    Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

23.    In addition to the foregoing acts of negligence and negligence *per se*, Defendant Ibrahim's conduct constituted recklessness, willfulness, and wantonness.

24.    Such conduct demonstrates a conscious indifference to the rights and safety of Plaintiff and others lawfully on the roadway.

25.    Defendant Cadence is vicariously liable for the reckless, willful and wonton conduct of its employee and agent, Defendant Ibrahim.

26.    As a direct and proximate result of Defendants' reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

### FOURTH CAUSE OF ACTION
(Vicarious Liability)

27.    Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

28.    At the time of the crash, Defendant Ibrahim acted in the scope of his agency or employment on behalf of Defendant Cadence.

29.    Defendant Cadence is vicariously liable for the negligent, negligent per se, reckless, willful and wonton conduct of its employee and agent, Defendant Ibrahim.

### FIFTH CAUSE OF ACTION
(Direct Negligence)

30.    Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

31.    At all times relevant, Defendant Cadence owed duties to the motoring public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its drivers, including Defendant Ibrahim.

32.    Defendant Cadence breached these duties by hiring and retaining Defendant Ibrahim despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

33.    Defendant Cadence further breached its duties by failing to properly train Defendant Ibrahim in the safe operation of tractor-trailers, including compliance with the federal motor carrier safety regulations and industry safety standards.

34.    Defendant Cadence also failed to adequately supervise and monitor Defendant Ibrahim's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

35.    As a direct and proximate result of Defendant Cadence's negligent hiring, training, supervision, and retention of Defendant Ibrahim, Plaintiff sustained serious and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and sustained other damages.

36.    Plaintiff is entitled to recover actual and punitive damages against Defendant Cadence for its direct negligence.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants

and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment

interest, and such other and further relief as this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*

JAMES G. BIGGART II, ESQ.
Federal ID:    14195
COOPER KLAASMEYER, ESQ.
Federal Id:    14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:    (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

June 30, 2026
Charleston, South Carolina