**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| FLOYD EMMANUAL,<br><br>Plaintiff,<br><br>vs.<br><br>ABDUKADIR AHMED IBRAHIM and CADENCE PREMIER CARGO, INC.,<br><br>Defendants. | Civil Action No. 4:26-cv-02604-JD<br><br>**ANSWER OF DEFENDANTS**<br><br>**(Jury Trial Demanded)** |

Defendants Abdukadir Ahmed Ibrahim and Cadence Premier Cargo, Inc. (collectively, "Defendants"), answering the Complaint of Plaintiff herein, would respectfully allege and show unto the Court as follows. Each and every allegation not hereinafter admitted, qualified, or explained is expressly denied.

**FOR A FIRST DEFENSE**

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of Plaintiff's Complaint and, therefore, deny the same.

2. In response to the allegations of Paragraph 2 of Plaintiff's Complaint, Defendants admit only that Defendant Ibrahim was employed by and working for Cadence Premier Cargo, Inc. on the date of the October 30, 2025, incident.

3. In response to the allegations of Paragraph 3 of Plaintiff's Complaint, Defendants admit only that Cadence is an incorporation organized and existing under the laws of the state of Illinois.

4. In response to the allegations of Paragraph 4 of Plaintiff's Complaint, Defendants admit only that Cadence is a motor carrier registered under DOT Number 1861195. Any allegations in addition to or inconsistent with the above response are denied.

5. The allegations of Paragraph 5 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants admit Paragraph 5 as stated.

6. The allegations of Paragraph 6 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants admit Paragraph 6 as stated.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1-6 of Plaintiff's Complaint as if fully set forth herein.

8. In response to the allegations of Paragraph 8 of Plaintiff's Complaint, Defendants admit only that Plaintiff was traveling southbound on SC-237 on the date of the October 30, 2025, incident. Any allegations in addition to or inconsistent with the above response are denied.

9. Defendants admit the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny, as written, the allegations of Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations of Paragraph 11 of Plaintiff's Complaint.

12. In response to the allegations of Paragraph 12 of Plaintiff's Complaint, Defendants admit only that Defendant Ibrahim was an employee of Cadence Premier Cargo, Inc. on the date

of the October 30, 2025, incident. Any allegations in addition to or inconsistent with the above response are denied.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1-12 of Plaintiff's Complaint as if fully set forth herein.

14. The allegations of Paragraph 14 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 14.

15. The allegations of Paragraph 15 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16 of Plaintiff's Complaint.

17. The allegations of Paragraph 17 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 17.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1-17 of Plaintiff's Complaint as if fully set forth herein.

19. The allegations of Paragraph 19 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations, including all subparts, of Paragraph 19.

20. The allegations of Paragraph 20 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 20.

21. The allegations of Paragraph 21 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 21.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1-21 of Plaintiff's Complaint as if fully set forth herein.

23. The allegations of Paragraph 23 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 23.

24. The allegations of Paragraph 24 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 24.

25. The allegations of Paragraph 25 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1-26 of Plaintiff's Complaint as if fully set forth herein.

28. In response to the allegations of Paragraph 28 of Plaintiff's Complaint, Defendants admit only that Defendant Ibrahim was an employee of Cadence Premier Cargo, Inc. on the date of the October 30, 2025, incident. Any allegations in addition to or inconsistent with the above response are denied.

29. The allegations of Paragraph 29 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 29.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

31. The allegations of Paragraph 31 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 31.

32. The allegations of Paragraph 32 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 32.

33. The allegations of Paragraph 33 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 33.

34. The allegations of Paragraph 34 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 34.

35. The allegations of Paragraph 35 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 35.

36. The allegations of Paragraph 36 of Plaintiff's Complaint constitute legal conclusions requiring no response from Defendants. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 36.

The allegations contained in the WHEREFORE Paragraph of Plaintiff's Complaint are denied.

**FOR A SECOND DEFENSE**

37. Plaintiff's claims are barred or reduced by the doctrine of comparative negligence.

**FOR A THIRD DEFENSE**

38. Some or all of Plaintiff's claims are barred by the doctrine of assumption of the risk.

**FOR A FOURTH DEFENSE**

39. Defendants allege that even if they were negligent, careless, grossly negligent, reckless, willful and/or wanton in any respect, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if any such conduct by Defendants operated as a 50% or greater cause of the incident and Plaintiff's resulting injuries and damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, Defendants are entitled to a determination as to the percentage which Plaintiff's negligent, grossly negligent, reckless, and willful and/or wanton conduct contributed to the incident and to a reduction of the amount awarded to Plaintiff by an amount equal to the percentage of Plaintiff's own negligent, grossly negligent, reckless, willful and/or wanton conduct.

**FOR A FIFTH DEFENSE**

40. Plaintiff is not entitled to an award of punitive damages to the extent that such an award is barred by the Constitution of the United States and the Constitution of South Carolina. Defendants further allege that any award of punitive damages would violate the prohibitions against excessive fines found in the Eighth Amendment of the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment to the

Constitution of the United States. Further, any award of punitive damages would violate the guarantee of due process found in the Fourteenth Amendment of the Constitution of the United States because of the lack of objective guidelines by which a jury might base its award and further that such guidelines, to the extent that they exist, are arbitrary and void for vagueness.

41. Defendants further allege that Plaintiff's claims for damages in this case are limited and/or capped by S.C. Code Ann. § 15-32-510, et. seq., including, but not limited to, § 15-32-530. If Plaintiff intends to seek an exception to the cap pursuant to § 15-32-530(b) or (c), Plaintiff is hereby informed that Plaintiff must present sufficient evidence at trial to do so.

**FOR A SIXTH DEFENSE**

42. Defendants allege that Plaintiff has failed to mitigate his damages in the manner required by law. Such failure to mitigate is pled as a bar to Plaintiff's claims, and any amount awarded to Plaintiff should be reduced or diminished by the amount Plaintiff could have reasonably avoided, including the amount he could have reasonably earned in other available, gainful employment.

**FOR A SEVENTH DEFENSE**

43. Defendants are entitled to a credit or offset for all sums Plaintiff has recovered for compensation of the damages alleged in the Complaint in accordance with South Carolina law.

**FOR AN EIGHTH DEFENSE**

44. Defendants allege that Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrences made the basis of Plaintiff's claim against Defendants.

**FOR A NINTH DEFENSE**

45. Defendants allege that pursuant to South Carolina Code § 15-38-15, each Defendants shall only be liable for the percentage of individual damages determined by the jury or trier of fact if its conduct is determined to be less than 50% of the total fault.

**FOR A TENTH DEFENSE**

46. Defendants allege that the injuries and damages alleged in Plaintiff's Complaint may have been caused by an intervening, superseding action for which Defendants are in no way liable. Plaintiff is therefore not entitled to recover from Defendants in this action.

**FOR AN ELEVENTH DEFENSE**

47. Defendants reserve the right to assert any additional defenses that may be revealed during discovery.

WHEREFORE, having fully answered the Complaint, Defendants ask this Court to dismiss the Complaint and for such other and further relief as the Court may deem just and proper.

s/ Curtis L. Ott
Curtis L. Ott, Fed ID No. 5939
Jada T. Wilson, Fed ID No. 14328
Gallivan, White & Boyd, P.A.
PO Box 7368
Columbia, SC 29202-7368
cott@gwblawfirm.com
jtwilson@gwblawfirm.com
(803) 779-1833 Ofc

*Attorneys for Defendants*

Columbia, South Carolina

October 27, 2026