**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| FLOYD EMMANUAL,<br><br>*Plaintiff,*<br><br>-v-<br><br>ABDUKADIR AHMED IBRAHIM and CADENCE PREMIER CARGO, INC.<br><br>*Defendants.* | Civil Case No.: 4:26-cv-02604-JDA<br><br>**PLAINTIFF'S OFFER OF JUDGMENT TO DEFENDANT PURSUANT TO S.C. CODE § 15-35-400** |

**YOU WILL PLEASE TAKE NOTICE** that the Plaintiff, by and through the undersigned counsel, in accordance with S.C. Code Ann. § 15-35-400(B), hereby makes the following offer of judgment as to Defendants Cadence Premier Cargo, Inc. [1]

Plaintiff offers to take judgment against the Defendant in the amount of **Two Hundred Seventy-Five Thousand and 00/100 Dollars ($275,000.00**) in exchange for a covenant not to execute against the Defendants' personal assets. This Offer of Judgment

[1] Plaintiff acknowledges that Fed. R. Civ. P. 68 does not permit Plaintiffs to file an Offer of Judgment. However, Plaintiff asserts that the rights afforded by S.C. Code Ann. § 15-35-400 are substantive in nature, and as such apply to a federal court sitting in diversity hearing only state law claims. *See generally Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109 (4th Cir. 1995) ("[T]he Supreme Court has also noted that where a state's procedural rule is bound up with substantive policy, a federal court is to apply the state rule."). It is both practical and possible for the Court to enforce the state statute. *C.f. Lovelace v. Rockingham Mem'l Hosp.,* 299 F. Supp. 2d 617, 620 (W.D. Va. 2004) ("Under Erie, the VMMA is bound up with Virginia's substantive right to sue for medical malpractice, and this court would be obliged to follow its procedural provisions if practicable or even possible."). The Eleventh Circuit has held that Florida's fee shifting Proposal for Settlement statute is substantive and applies in Florida's federal courts. *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007) ("This circuit has found § 768.79 to be substantive law for Erie purposes."); *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008) (Steffen's malpractice claim is governed by Florida law in the bankruptcy court, and section 768.79 applies to this appeal.)

expressly reserves Plaintiff's right to pursue any additional underinsured motorist coverage available to him. This Offer of Judgment applies to all damages in this matter, including all costs, fees, or attorney's fees as it relates to Defendant's insurance policy with Amtrust Insurance Company. This Offer of Judgment includes all available types of damages to Plaintiff with respect to his personal injury claim. If this Offer of Judgment is not accepted within twenty days after notification of this offer or prior to or on the tenth day before the actual trial date, whichever date occurs first, this offer shall be considered rejected. However, Plaintiff reserves the right to withdraw this Offer of Judgment prior to its acceptance or prior to the date on which it would be considered rejected by giving notice to you in accordance with the service rules for motions and other pleadings outlined in the Federal Rules of Civil Procedure.

Pursuant to S.C. Code Ann. § 15-35-400(B), if the Defendant does not timely accept this Offer of Judgment and Plaintiff obtains a verdict or determination at least as favorable as this offer as it relates to liability from the Defendant, then Plaintiff shall seek to recover from the Defendant: (1) any administrative, filing, or other court costs from the date of this offer until judgment; (2) eight percent annual interest computed on the amount of the verdict or award from the date of the offer and any other available relief as provided by law.

Within twenty days after notification, or at least ten days prior to the trial date, whichever date is earlier, you may file with the Clerk of Court a written acceptance of this Offer of Judgment and serve it upon the Plaintiff in accordance with the S.C. Code Ann. § 15-35-400(B).

Respectfully submitted,

**MORGAN & MORGAN P.A.**
*s/ Cooper Klaasmeyer*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal Id: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

November 19, 2026
North Charleston, South Carolina